

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

MAY 0 3 2003

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                      DEPUTY

| | | |
|---|---|---|
| IN RE: PHENYLPROPANOLAMINE | ) | **MDL Docket No. 1407** |
| (PPA) PRODUCTS LIABILITY | ) | |
| LITIGATION. | ) | **FIRST AMENDED COMPLAINT** |

---

This document relates to:

| | |
|---|---|
| **NANCY LEE MONTGOMERY and** | ) |
| **LOUIS D. MONTGOMERY,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **RITE AID CORPORATION, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**CASE NUMBER: cv03-0845**

CV 03 00845 #00000013

---

### FIRST AMENDED COMPLAINT

Now come the Plaintiffs, by and through their undersigned attorney, and amend their Complaint to add a Defendant, Alpharma  In all other respects, Plaintiffs adopt their Original Complaint.

### STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U S C  Section 1332, for diversity of citizenship and Plaintiff claims an amount in controversy exceeding $75,000 00

### PARTIES

1      Plaintiff, Nancy Lee Montgomery, is over the age of 19 years, and is a citizen of Moss Point, Jackson County, Mississippi  Plaintiff, Nancy Lee Montgomery suffered a ruptured aneurysm and subarachnoid hemorrhage on December 20, 2000, within 12 hours of taking Rite Aid Cold & Cough DM Elixir

2       Plaintiff, Louis D. Montgomery, is over the age of 19 years, and is a citizen of

Moss Point, Jackson County, Mississippi  Plaintiff Louis D  Montgomery is, and was at all times

relevant hereto, the spouse of Plaintiff, Nancy Lee Montgomery

3       The defendant, Rite Aid Corporation ("Rite-Aid") is a corporation of the state of

Delaware, with its principal place of business in Pennsylvania  At all relevant times herein, Rite-

Aid was in the business of promoting, selling, advertising, marketing and distributing products

containing Phenylpropanolamine ("PPA")  The Defendant does business in Mississippi and at

all relevant times hereto, marketed, promoted, warranted and sold its products containing PPA in

Mississippi

4       Defendant, Alpharma, Inc  is a corporation of the state of Delaware, with its

principal place of business in New Jersey  At all times relevant here, Alpharma was in the

business of promoting, selling, advertising, marketing and distributing products containing

Phenylpropanolamine ("PPA").  The Defendant does business in Mississippi and at all times

relevant hereto, marketed, promoted, warranted and sold its products containing PPA in

Mississippi

5       Defendant, Alpharma, Inc. manufactured and distributed the Rite Aid Cold &

Cough DM Elixir containing Phenylpropanolamine ("PPA")

6.      Fictitiously described defendant "A", whose identity is unknown to the Plaintiffs

at this time, or if the name is known to Plaintiffs, the identity as proper party is not known to the

Plaintiffs at this time, and the true names will be substituted by amendment when ascertained

At all times relevant hereto, the defendant A was in the business of designing, promoting,

testing, researching and developing, manufacturing and distributing Rite Aid Cold & Cough DM

Elixir containing Phenylpropanolamine ("PPA")  The defendant did business in Mississippi and

2

at all relevant times hereto, marketed, manufactured, promoted, warranted and sold Rite Aid Cold & Cough DM Elixir products containing PPA in Mississippi

## FACTS

7.    At all times material to this action, the defendants engaged in the design, manufacture, testing, research and development, marketing, advertising, distribution and sales of non-prescription, pharmaceutical products, including cold, flu, and sinus products containing PPA. The defendants designed, tested, researched and developed, manufactured, marketed, advertised, distributed and/or sold Rite Aid Cough and Cold DM Elixir products containing PPA, which were ingested by Plaintiff

8    At all times material to this action, the defendants have known or should have known that PPA can cause severe hypertension and vasoconstriction of small blood vessels, which can lead to serious, life threatening consequences, including hypertension, seizure, heart attack, hypertensive encephalopathy, agitation, psychosis, hemorrhagic stroke, ischemic stroke, neurological problems and symptoms, cardiac problems, and death  Despite this knowledge, for years, the defendants used PPA in many non-prescriptions, over-the-counter medications  The defendants marketed and advertised their products to the general public and to the medical community as being safe and effective for their stated purposes.

9.    The defendants knew or should have known that the general public considered over-the-counter medications, like the Rite Aid Cough and Cold DM Elixir products to be innocuous and safe to use without the supervision of a doctor because they could be purchased and used without a prescription

3

10      The defendant, Rite Aid, voluntarily withdrew all its PPA products from the market on November 6, 2000, in response to a request from the Food and Drug Administration to do so

11      Throughout the time period that the defendants manufactured, distributed, marketed and sold products containing PPA, they had been aware of the health risk and adverse effects of PPA   The defendants have concealed this information from Plaintiffs and from the general public   Plaintiffs did not discover and could not have discovered this information until the voluntary withdrawal of PPA medications at the recommendation of the Food and Drug Administration   Because of the intentional conduct of the defendants and the pharmaceutical industry in general to conceal important information about the dangerous risks of PPA medications, the information was not known to Plaintiffs   Plaintiffs have just now learned of some of these risks

**COUNT ONE**

**Miss. Code Ann. § 11-1-63**

12.      Plaintiffs adopt and incorporate by reference all the above allegations

13      At all times material hereto, the defendants have engaged in the business of selling, distributing, manufacturing, marketing and promoting Rite Aid Cough and Cold DM Elixir, which contained PPA, an ingredient that is unreasonably dangerous, and therefore defective.

14      At the time the Rite Aid Cough and Cold DM Elixir left the control of the defendants, and at all times material hereto, the Rite Aid Cough and Cold DM Elixir was defective and unreasonably dangerous to foreseeable users and consumers because.

4

a       The product contained manufacturing and design defects in that it contained PPA,
        which can cause hypertension, strokes, heart attacks, seizures, and death, among
        other things

b       The product was not safe as designed, taking into account that the foreseeable
        risks involved in its use outweighed its utility and therapeutic benefits

c       The product was marketed and promoted for use as an over-the-counter
        decongestant to treat symptoms of cold and flu, and by design and formulation,
        carried an unreasonable and unnecessary risk of serious injury and death   The
        risk of harm far outweighed the benefit of use.

d       The medication was insufficiently and inadequately tested, yet the defendants
        promoted them as being pharmaceutically tested and safe for use

e.      The product was not safe due to inadequate and defective instructions and
        warnings at the time the products left the possession of the defendants   The
        warnings were inadequate to fully apprise the user of the full nature and extent of
        the risks and dangerous side effects associated with the use,

f       The product was marketed and promoted for use as an over-the-counter
        medication, safe for use without the supervision of a physician, when it was not

15      At the time the Rite Aid Cough and Cold DM Elixir left the control of the
defendants, the defendants knew, or in light of reasonably available knowledge or in the exercise
of reasonable care should have known about the danger that caused the damages and injuries for
which recovery is sought, and that the ordinary user or consumer would not realize its dangerous
condition

16.     At all relevant times hereto, there existed a feasible design alternative that would

5

to a reasonable probability have prevented the injuries and damages to the Plaintiffs

17      As a direct and proximate result of the actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and are entitled to damages enumerated below

18      The defendants' actions and inactions as set forth above were intentional and deliberate, and Plaintiffs are also entitled to punitive damages

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just

## COUNT TWO

### Failure to Warn

19      Plaintiffs adopt and incorporate by reference all the above allegations

20      Rite Aid Cough and Cold DM Elixir contained PPA, which can be unreasonably dangerous, even when used for its intended purpose, i e , as a nasal decongestant and cold remedy

21.     The defendants, as manufacturers and sellers of pharmaceutical drugs, are held to the level of knowledge of an expert in the field, and further, the defendants had knowledge of the dangerous risks and side effects of the medications.

22      Plaintiffs did not have the same knowledge as the defendants and no adequate warning was communicated to them.

23.     The defendants had a continuing duty to warn consumers, including the Plaintiffs, of its products, and the risks and dangers associated with them, and negligently and/or wantonly breached their duty as follows

6

a Failed to include adequate warnings with the medications that would alert Plaintiffs and other consumers to the dangerous risks and serious side effects of the PPA medications

b Failed to provide adequate post-marketing warnings and instructions after the defendants knew or should have known of the significant risks of stroke and injury from the use of PPA medications

c Failed to adequately warn Plaintiffs that Rite Aid Cough and Cold DM Elixir should not be used in conjunction with other medicines containing PPA or stimulants such as caffeine

d Failed to warn Plaintiffs to consult with a physician before using the PPA medications

e Failed to inform Plaintiffs that the medications had not been adequately and thoroughly tested for safety as a decongestant

24 As a direct and proximate result of the actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and damages as listed below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants for compensatory and punitive damages in an amount determined by the jury to be necessary and just

## COUNT THREE

### Breach of Warranty of Merchantability

25 Plaintiffs adopt and incorporate by reference all the above allegations.

26 When the defendants placed the Rite Aid Cough and Cold DM Elixir into the stream of commerce, they knew that the medicine would be used as a nasal decongestant and

7

cold remedy, and expressly and impliedly warranted to the Plaintiffs that use of these medicines was a safe and acceptable means of relieving nasal decongestion and cold symptoms

27      Plaintiffs reasonably relied upon the expertise, skill, judgment and knowledge of the defendants and upon the express and/or implied warranty that the Rite Aid Cough and Cold DM Elixir was of merchantable quality and fit for use to relieve nasal decongestion and cold symptoms

28      The Rite Aid Cough and Cold DM Elixir was not of merchantable quality and was not safe or fit for the intended use because it was unreasonably dangerous and unfit for the ordinary purposes for which it was used, in that they caused serious injuries and damages   The medication breached the warranties because it was unduly dangerous in expected use and did cause undue injuries to the Plaintiffs

29      As a direct and proximate result of the breach of warranties by the defendants, Plaintiffs have sustained injuries and damages as set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants for compensatory damages in an amount determined by the jury to be necessary and just

## COUNT FOUR

### Negligence

30.     Plaintiffs adopt and incorporate by reference all the allegations above

31.     The defendants negligently manufactured, designed, tested, researched and developed, labeled, packaged, distributed, promoted, marketed, advertised, and sold, in the state of Mississippi, Rite Aid Cough and Cold DM Elixir medications containing PPA

8

32.    At all times material hereto, the defendants had a duty to the Plaintiffs to exercise reasonable care in the design, manufacture, testing, research and development, processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of their medications containing PPA

33.    The defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward the Plaintiffs in the following ways

    a    Failed to use reasonable care to test the PPA medications which, if properly performed, would have shown that PPA had serious side effects, including, but not limited to, risk of stroke,

    b    Failed to use reasonable care to give warnings and instructions with the medications

    c    Failed to use reasonable care to design and manufacture a decongestant medication safe for its intended use

    d    Failed to use reasonable care in the marketing and promotion of the medications

34    The defendants knew or should have known that PPA medications caused unreasonably dangerous risks and serious side effects of which Plaintiffs would not be aware The defendants nevertheless manufactured, advertised, marketed, sold and distributed the drug knowing that there were safer methods and products for nasal congestion and cold symptom relief.

35    As a direct and proximate result of the negligent actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and damages as set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants for compensatory damages in an amount determined by the jury to be necessary and just

### COUNT FIVE

#### Wantonness

36.     Plaintiffs adopt and incorporate by reference all the allegations above

37     The defendants wantonly and recklessly manufactured, designed, tested, researched and developed, labeled, packaged, distributed, promoted, marketed, advertised, and sold, in the state of Mississippi, Rite Aid Cough and Cold DM Elixir containing PPA

38     At all times material hereto, the defendants had a duty to each of the Plaintiffs to exercise reasonable care in the design, manufacture, testing, research and development, processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of its medications containing PPA

39     The defendants breached their duty and were wanton and reckless in their actions, misrepresentations, and omissions toward the Plaintiffs in the following ways·

    a.     Failed to use reasonable care to test the PPA medications which, if properly performed, would have shown that PPA had serious side effects, including, but not limited to, risk of stroke,

    b.     Failed to use reasonable care to give warnings and instructions with the medications

    c     Failed to use reasonable care to design and manufacture a decongestant medication safe for its intended use.

    d     Failed to use reasonable care in the marketing and promotion of the medications

40     The defendants knew that PPA medications caused unreasonably dangerous risks and serious side effects of which Plaintiffs would not be aware.  The defendants nevertheless manufactured, advertised, marketed, sold and distributed the drug knowing that there were safer methods and products for nasal congestion and cold symptom relief

41     As a direct and proximate result of the wanton and reckless actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and damages as set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just.

## COUNT SIX

### Fraud, Misrepresentation and Suppression

42.     Plaintiffs adopt and incorporate by reference all the allegations above

43.     The defendants fraudulently, intentionally and/or negligently misrepresented to the Plaintiffs, the FDA, and general public, the safety of PPA products and/or fraudulently, intentionally and/or negligently concealed material including adverse information regarding the safety of PPA

44     The defendants made misrepresentations and actively concealed adverse information at a time when the defendants knew, or should have known, that PPA had defects, dangers, and characteristics that were other than what the defendants had represented to the FDA, and the consuming public, including the Plaintiffs   Specifically, the defendants misrepresented to Plaintiffs, the FDA, and the consuming public that·

11

a      The PPA medications, when used as recommended, were safe to use for relief of symptoms of cold and flu in children and adults

b      The PPA medications had been pharmaceutically tested and were safe for use as over-the-counter medications without the supervision of a physician

c      The PPA medications, and PPA itself, were fully and adequately tested

d      The PPA medications had no serious adverse effects

e      The PPA medications were safe and effective

45.    The defendants knew or should have known that these representations were false and that Plaintiffs would rely on them, leading to their use of the PPA medications   The defendants knew that the Rite Aid Cough and Cold DM Elixir were sold without a prescription, and without the direct aid and advice of a physician, and that Plaintiffs would be relying on information, advertisements and statements made by the defendants about the use, safety and efficacy of these PPA products

46.    At the time of the defendants' fraudulent misrepresentations and active concealment, Plaintiffs were unaware of the falsity of the statements being made and believed them to be true

47    Plaintiffs justifiably relied on and/or were induced by the misrepresentations made by the defendants of the safety and use of PPA products.

48    The defendants concealed the truth from Plaintiffs and the consuming public about the real safety and risks of PPA medications.

49    The defendants had a post-sale duty to warn Plaintiffs and the public about the potential risks and complications associated with medications containing PPA in a timely manner

12

50.     The misrepresentations and active concealment by the defendants constitutes a continuing tort against Plaintiffs

51       As a direct and proximate result of the misrepresentations and concealment of the defendants as set forth above, Plaintiffs have sustained injuries and damages set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just

## CLAIM FOR DAMAGES

Plaintiff, Nancy Lee Montgomery, has sustained injuries and damages as set out herein, and does make claim for these

a       Reasonable and necessary health care expenses incurred in the past,

b.      Reasonable and necessary health care expenses which will be incurred in the future,

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering which will be endured in the future,

e.      Mental anguish suffered in the past;

f       Mental anguish which will be endured in the future,

g.      Physical disability and impairment, past and future,

h.      Lost wages in the past and future loss of wage earning capacity, and

i       All other incidental and consequential damages, fees and expenses

Plaintiff, Louis D. Montgomery, has sustained the loss of companionship, services and intimacy of his spouse as a direct and proximate result of the physical and mental injuries suffered by his spouse, Nancy Lee Montgomery.

13

DENNIS R WEAVER    (100555)
Attorney For Plaintiffs
WEAVER TIDMORE
200 Cahaba Park Circle, Suite 214
Birmingham, Alabama 35242
205-980-6065
205-980-6165 (fax)

OF COUNSEL
LEILA H. WATSON
CORY, WATSON, CROWDER & DEGARIS, P C
2131 Magnolia Avenue
Birmingham, Alabama 35205
205-328-2200
205-324-7896 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 3rd day of March, 2003, I served a copy of the foregoing by placing the same in the U.S Mail, first-class postage affixed, addressed to the following:

Robert E. Briggs, Esquire
Daniel Coker Horton & Bell
P O Box 416
Gulfport, MS 39502

DENNIS R  WEAVER

### *Please Serve The defendant as Follows:*

Alpharma, Inc
Resident Agent:          Corporation Service Company
                         506 S. President Street
                         Jackson, MS 39201-5301

14

90-1347

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT - 9 2002

J T NOBLIN, CLERK
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| NANCY LEE MONTGOMERY, and<br>LOUIS D. MONTGOMERY<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION; and<br>"A", whether singular or plural being<br>presently unknown individuals, entities and/or<br>corporations engaged in the business of, inter<br>alia, manufacturing, promoting, distributing<br>and/or selling, for profit, over-the-counter<br>and/or prescription pharmaceutical products<br>containing the active ingredient PPA with the<br>Rite Aid Corporation name on the label.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1'02CV7648rR

### COMPLAINT

### STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U S C Section 1332, for diversity of citizenship and Plaintiff claims an amount in controversy exceeding $75,000 00

### PARTIES

1       Plaintiff, Nancy Lee Montgomery, is over the age of 19 years, and is a resident of Moss Point, Jackson County, Mississippi  Plaintiff, Nancy Lee Montgomery suffered a ruptured aneurysm and subarachnoid hemorrhage on December 20, 2000, within 12 hours of taking Rite Aid Cold & Cough DM Elixir

2       Plaintiff, Louis D  Montgomery, is over the age of 19 years, and is a resident of Moss Point, Jackson County, Mississippi.  Plaintiff Louis D  Montgomery is, and was at all times relevant hereto, the spouse of Plaintiff, Nancy Lee Montgomery

3      The defendant, Rite Aid Corporation ("Rite-Aid") is a corporation of the state of Delaware. with its principal place of business in Pennsylvania. At all relevant times herein, Rite-Aid was in the business of promoting, selling, advertising, marketing and distributing products containing Phenylpropanolamine ("PPA")  The defendant does business in Mississippi and at all relevant times hereto, marketed, promoted, warranted and sold its products containing PPA in Mississippi

4      Fictitiously described defendant "A", whose identity is unknown to the Plaintiffs at this time, or if the name is known to Plaintiffs, the identity as proper party is not known to the Plaintiffs at this time, and the true names will be substituted by amendment when ascertained At all times relevant hereto, the defendant A was in the business of designing, promoting, testing, researching and developing, manufacturing and distributing Rite Aid Cold & Cough DM Elixir containing Phenylpropanolamine ("PPA")  The defendant did business in Mississippi and at all relevant times hereto, marketed. manufactured. promoted, warranted and sold Rite Aid Cold & Cough DM Elixir products containing PPA in Mississippi

## FACTS

5      At all times material to this action, the defendants engaged in the design, manufacture, testing, research and development, marketing, advertising, distribution and sales of non-prescription, pharmaceutical products. including cold, flu, and sinus products containing PPA  The defendants designed, tested. researched and developed, manufactured, marketed, advertised, distributed and/or sold Rite Aid Cough and Cold DM Elixir products containing PPA, which were ingested by Plaintiff

2

6       At all times material to this action, the defendants have known or should have known that PPA can cause severe hypertension and vasoconstriction of small blood vessels, which can lead to serious, life threatening consequences, including hypertension, seizure, heart attack, hypertensive encephalopathy. agitation, psychosis, hemorrhagic stroke, ischemic stroke, neurological problems and symptoms cardiac problems, and death  Despite this knowledge, for years, the defendants used PPA in many non-prescriptions, over-the-counter medications  The defendants marketed and advertised their products to the general public and to the medical community as being safe and effective for their stated purposes.

7.      The defendants knew or should have known that the general public considered over-the-counter medications. like the Rite Aid Cough and Cold DM Elixir products to be innocuous and safe to use without the supervision of a doctor because they could be purchased and used without a prescription

8       The defendant, Rite Aid, voluntarily withdrew all its PPA products from the market on November 6, 2000. in response to a request from the Food and Drug Administration to do so

9       Throughout the time period that the defendants manufactured, distributed, marketed and sold products containing PPA, they had been aware of the health risk and adverse effects of PPA  The defendants have concealed this information from Plaintiffs and from the general public  Plaintiffs did not discover and could not have discovered this information until the voluntary withdrawal of PPA medications at the recommendation of the Food and Drug Administration  Because of the intentional conduct of the defendants and the pharmaceutical industry in general to conceal important information about the dangerous risks of PPA

3

e	The product was not safe due to inadequate and defective instructions and warnings at the time the products left the possession of the defendants   The warnings were inadequate to fully apprise the user of the full nature and extent of the risks and dangerous side effects associated with the use,

e	The product was marketed and promoted for use as an over-the-counter medication, safe for use without the supervision of a physician, when it was not

13	At the time the Rite Aid Cough and Cold DM Elixir left the control of the defendants, the defendants knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known about the danger that caused the damages and injuries for which recovery is sought, and that the ordinary user or consumer would not realize its dangerous condition

14	At all relevant times hereto, there existed a feasible design alternative that would to a reasonable probability have prevented the injuries and damages to the Plaintiffs

15	As a direct and proximate result of the actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and are entitled to damages enumerated below

16	The defendants' actions and inactions as set forth above were intentional and deliberate, and Plaintiffs are also entitled to punitive damages

WHEREFORE, THE ABOVE PREMISES CONSIDERED. Plaintiffs demand judgment of the defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just

5

## COUNT TWO

### Failure to Warn

17      Plaintiffs adopt and incorporate by reference all the above allegations

18      Rite Aid Cough and Cold DM Elixir contained PPA, which can be unreasonably dangerous. even when used for its intended purpose, i e . as a nasal decongestant and cold remedy

19      The defendants, as manufacturers and sellers of pharmaceutical drugs, are held to the level of knowledge of an expert in the field, and further. the defendants had knowledge of the dangerous risks and side effects of the medications

20      Plaintiffs did not have the same knowledge as the defendants and no adequate warning was communicated to them

21      The defendants had a continuing duty to warn consumers, including the Plaintiffs, of its products, and the risks and dangers associated with them, and negligently and/or wantonly breached their duty as follows

    a      Failed to include adequate warnings with the medications that would alert Plaintiffs and other consumers to the dangerous risks and serious side effects of the PPA medications

    b      Failed to provide adequate post-marketing warnings and instructions after the defendants knew or should have known of the significant risks of stroke and injury from the use of PPA medications

    c      Failed to adequately warn Plaintiffs that Rite Aid Cough and Cold DM Elixir should not be used in conjunction with other medicines containing PPA or stimulants such as caffeine.

6

d      Failed to warn Plaintiffs to consult with a physician before using the PPA
medications

e      Failed to inform Plaintiffs that the medications had not been adequately and
thoroughly tested for safety as a decongestant

22    As a direct and proximate result of the actions and inactions of the defendants as
set forth above, Plaintiffs have sustained injuries and damages as listed below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment
of the defendants for compensatory and punitive damages in an amount determined by the jury to
be necessary and just

### COUNT THREE

### Breach of Warranty of Merchantability

23    Plaintiffs adopt and incorporate by reference all the above allegations

24    When the defendants placed the Rite Aid Cough and Cold DM Elixir into the
stream of commerce, they knew that the medicine would be used as a nasal decongestant and
cold remedy, and expressly and impliedly warranted to the Plaintiffs that use of these medicines
was a safe and acceptable means of relieving nasal decongestion and cold symptoms

25    Plaintiffs reasonably relied upon the expertise, skill, judgment and knowledge of
the defendants and upon the express and/or implied warranty that the Rite Aid Cough and Cold
DM Elixir was of merchantable quality and fit for use to relieve nasal decongestion and cold
symptoms

26    The Rite Aid Cough and Cold DM Elixir was not of merchantable quality and was
not safe or fit for the intended use because it was unreasonably dangerous and unfit for the
ordinary purposes for which it was used, in that they caused serious injuries and damages   The

7

medication breached the warranties because it was unduly dangerous in expected use and did cause undue injuries to the Plaintiffs

27      As a direct and proximate result of the breach of warranties by the defendants, Plaintiffs have sustained injuries and damages as set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants for compensatory damages in an amount determined by the jury to be necessary and just

## COUNT FOUR

### Negligence

28      Plaintiffs adopt and incorporate by reference all the allegations above

29      The defendants negligently manufactured, designed, tested, researched and developed labeled, packaged, distributed, promoted, marketed, advertised, and sold, in the state of Mississippi, Rite Aid Cough and Cold DM Elixir medications containing PPA

30      At all times material hereto, the defendants had a duty to the Plaintiffs to exercise reasonable care in the design, manufacture, testing, research and development, processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of their medications containing PPA

31      The defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward the Plaintiffs in the following ways

a       Failed to use reasonable care to test the PPA medications which, if properly performed, would have shown that PPA had serious side effects, including, but not limited to risk of stroke,

8

b     Failed to use reasonable care to give warnings and instructions with the medications

c     Failed to use reasonable care to design and manufacture a decongestant medication safe for its intended use

d     Failed to use reasonable care in the marketing and promotion of the medications

32     The defendants knew or should have known that PPA medications caused unreasonably dangerous risks and serious side effects of which Plaintiffs would not be aware The defendants nevertheless manufactured, advertised, marketed, sold and distributed the drug knowing that there were safer methods and products for nasal congestion and cold symptom relief

33     As a direct and proximate result of the negligent actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and damages as set forth below

WHEREFORE. THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants for compensatory damages in an amount determined by the jury to be necessary and just

## COUNT FIVE

### Wantonness

34     Plaintiffs adopt and incorporate by reference all the allegations above

35     The defendants wantonly and recklessly manufactured, designed tested, researched and developed, labeled, packaged, distributed, promoted, marketed, advertised, and sold in the state of Mississippi, Rite Aid Cough and Cold DM Elixir containing PPA

36     At all times material hereto, the defendants had a duty to each of the Plaintiffs to exercise reasonable care in the design. manufacture, testing, research and development,

9

processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of its medications containing PPA

37    The defendants breached their duty and were wanton and reckless in their actions, misrepresentations, and omissions toward the Plaintiffs in the following ways

a    Failed to use reasonable care to test the PPA medications which, if properly performed, would have shown that PPA had serious side effects, including, but not limited to, risk of stroke,

b    Failed to use reasonable care to give warnings and instructions with the medications

c    Failed to use reasonable care to design and manufacture a decongestant medication safe for its intended use

d    Failed to use reasonable care in the marketing and promotion of the medications

38    The defendants knew that PPA medications caused unreasonably dangerous risks and serious side effects of which Plaintiffs would not be aware   The defendants nevertheless manufactured, advertised, marketed, sold and distributed the drug knowing that there were safer methods and products for nasal congestion and cold symptom relief

39    As a direct and proximate result of the wanton and reckless actions and inactions of the defendants as set forth above, Plaintiffs have sustained injuries and damages as set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just

## COUNT SIX

10

## Fraud, Misrepresentation and Suppression

40      Plaintiffs adopt and incorporate by reference all the allegations above

41      The defendants fraudulently, intentionally and/or negligently misrepresented to
the Plaintiffs, the FDA. and general public, the safety of PPA products and/or fraudulently,
intentionally and/or negligently concealed material including adverse information regarding the
safety of PPA

42      The defendants made misrepresentations and actively concealed adverse
information at a time when the defendants knew, or should have known, that PPA had defects,
dangers. and characteristics that were other than what the defendants had represented to the
FDA, and the consuming public, including the Plaintiffs   Specifically, the defendants
misrepresented to Plaintiffs, the FDA, and the consuming public that

   a      The PPA medications, when used as recommended, were safe to use for relief of
           symptoms of cold and flu in children and adults.

   b      The PPA medications had been pharmaceutically tested and were safe for use as
           over-the-counter medications without the supervision of a physician

   c      The PPA medications. and PPA itself, were fully and adequately tested

   d      The PPA medications had no serious adverse effects

   e      The PPA medications were safe and effective

43      The defendants knew or should have known that these representations were false
and that Plaintiffs would rely on them, leading to their use of the PPA medications   The
defendants knew that the Rite Aid Cough and Cold DM Elixir were sold without a prescription,
and without the direct aid and advice of a physician. and that Plaintiffs would be relying on

11

information, advertisements and statements made by the defendants about the use, safety and efficacy of these PPA products

44     At the time of the defendants' fraudulent misrepresentations and active concealment, Plaintiffs were unaware of the falsity of the statements being made and believed them to be true

45     Plaintiffs justifiably relied on and/or were induced by the misrepresentations made by the defendants of the safety and use of PPA products

46     The defendants concealed the truth from Plaintiffs and the consuming public about the real safety and risks of PPA medications

47     The defendants had a post-sale duty to warn Plaintiffs and the public about the potential risks and complications associated with medications containing PPA in a timely manner

48     The misrepresentations and active concealment by the defendants constitutes a continuing tort against Plaintiffs

49     As a direct and proximate result of the misrepresentations and concealment of the defendants as set forth above, Plaintiffs have sustained injuries and damages set forth below

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Plaintiffs demand judgment of the defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just

## **CLAIM FOR DAMAGES**

Plaintiff Nancy Lee Montgomery, has sustained injuries and damages as set out herein, and does make claim for these

a     Reasonable and necessary health care expenses incurred in the past,

12

b       Reasonable and necessary health care expenses which will be incurred in the
future,

c.      Physical pain and suffering in the past,

d       Physical pain and suffering which will be endured in the future,

e       Mental anguish suffered in the past,

f       Mental anguish which will be endured in the future;

g       Physical disability and impairment, past and future.

h       Lost wages in the past and future loss of wage earning capacity, and

i.      All other incidental and consequential damages, fees and expenses

Plaintiff, Louis D. Montgomery, has sustained the loss of companionship, services and

intimacy of his spouse as a direct and proximate result of the physical and mental injuries

suffered by his spouse, Nancy Lee Montgomery

_____
DENNIS R  WEAVER   (100555)
Attorney For Plaintiffs
CORY, WATSON, CROWDER & DEGARIS  P C
2131 Magnolia Avenue
Birmingham, Alabama  35205
(205)  328-2200

**PLAINTIFFS DEMAND A TRIAL OF ALL ISSUES BY STRUCK JURY.**

_____
**DENNIS R. WEAVER**

*Please Serve The  defendant as Follows:*

RITE AID CORP                    (Principle address)
C T CORPORATION                  30 Hunter Lane,
631 LAKELAND EAST DR             Camp Hill, Pennsylvania     17011
 FLOWOOD, MS 39232

13

**MINUTE ENTRY ORDER**

SOUTHERN DISTRICT OF MISSISSIPPI

APR 1 0 2003

BY ___ T. NOBLIN, CLERK ___ DEPUTY

**FORM #3**

DOCKET # 1:02 CV 764 Br R

DATE: 04/08/03

SHORT TITLE: Montgomery vs B-te AJ Corp

JUDGE: Roger

**TYPE ACTIVITY**

PRETRIAL MOTION ✓   IN LIMINE MOTION ____   POST TRIAL MOTION ___

**ACTION TAKEN**

(1)   **Motion:** Ore Tenus___ Written ✓ by Pltf ✓ Deft___ Ct___

Request:   Motion to file First Amended Complaint

Ruling:   Granted

ORDERED THIS THE ___8th___ DAY OF ___Apr___ , 2003.

_____
UNITED STATES MAGISTRATE JUDGE